| j CALOGERO, C.J.,
concurs and assigns reasons.
I concur in the majority’s denial of the writ application, but I write separately to express my concern over the court of appeal’s practice of summarily granting writs while simultaneously denying relief: “Writ *569 granted, relief denied.” In my view, the procedure of summarily granting a writ and denying relief, without the benefit of the record or additional briefing and perhaps oral argument from the parties, differs little from a writ denial, but instead serves to interject needless confusion into the matter, as illustrated by the procedural history of the instant case.[1] Additionally, the granting of a writ with relief denied may have other effects, such as creating law of the case[2] and affecting the commencement of the time delay for applying to this court for supervisory writs.[3]
^Consequently, in cases where the court of appeal finds that the relator’s writ application, as well as the argument in support thereof, lacks merit, or does not warrant additional briefing and argument, I believe that the proper and unambiguous action is simply to deny the writ.[4]

. The court of appeal’s initial disposition in this case was signed by only one judge, with two judges dissenting. On motion for clarification, the court explained that its intent was to affirm the judgment of the trial court. The concurring judge suggested the division in the original disposition was prompted by a disagreement over whether the writ should be granted and relief denied or whether the writ should be denied.

. "Law of the case" doctrine is a policy by which an appellate court will not, on a subsequent appeal, reconsider its earlier ruling in the same case. Burns v. Sabine River Auth., 614 So.2d 1337, 1339 (La.App. 3rd Cir.), writ denied, 617 So.2d 935 (La.1993). This doctrine, however, should apply only when the issue has been fully and properly considered. Thus, when the court of appeal "grants the writ and denies relief,” a subsequent panel may be misled into applying the law of the case doctrine where the earlier panel had not fully considered the relevant issue.

. A granted writ, unlike a denied writ, allows the parties to seek rehearing in the court of appeal, see Uniform Rule 2-18.7(A), Uniform Rules of the Courts of Appeal, and thus the time period for seeking writs in this court would not commence until the appellate court has acted on the application for rehearing. So, if rehearing is sought, and later denied, the delay for filing is counted from the date of the mailing of the notice of the ruling denying rehearing, but only if the rehearing was properly entertained (and later denied). A simple denial of a writ application would not trigger a right to rehearing. See Uniform Rule 2-18.7, Uniform Rules of the Courts of Appeal.

. Of course, Uniform Rule 4-7 of the Uniform Rules of the Courts of Appeal does permit the court of appeal to act peremptorily on an application for supervisory writs "if circumstances warrant such action,” with the alternative option of assigning the case for argument. The former procedure is likely meant to apply where the ruling is based purely on the application and interpretation of the law.